In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3523

CAROL DIANE GRAY,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 3269—**Sharon Johnson Coleman**, *Judge.*

ARGUED APRIL 30, 2013—DECIDED JULY 23, 2013

Before FLAUM, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Since she failed to file federal income tax returns and failed to pay taxes for several years, plaintiff-appellant Carol Gray has been involved in a long siege with the Internal Revenue Service. In this case, Gray alleges that IRS employees engaged in wide-ranging wrongdoing in connection with disputes over her delinquent taxes and returns. Initially, she did not file an administrative claim for

damages with the IRS. Instead, she brought suit in the Northern District of Illinois claiming she was entitled to relief under 26 U.S.C. § 7433, which allows taxpayers to recover damages for unauthorized tax collection. More than six months later, after the government moved to dismiss for failure to exhaust administrative remedies, she finally filed an administrative claim. The applicable IRS regulation requires exhaustion of administrative remedies *before* suit. Eventually, the district court dismissed Gray's suit, in part for failure to state a claim, in part as untimely, and in part for lack of subject-matter jurisdiction based on Gray's failure to exhaust administrative remedies.

On appeal, Gray argues that the regulation requiring exhaustion before suit contradicts the statutory text, which she says allows her to go to court first and exhaust administrative remedies later. The IRS counters that Gray's failure to exhaust before suit not only doomed her claims but also deprived the court of jurisdiction. We view the case slightly differently. In our view, § 7433's exhaustion requirement is not actually jurisdictional, but it is still mandatory. The IRS is entitled to insist that a plaintiff comply with its exhaustion procedures. In creating these procedures, the IRS permissibly interpreted the statute to require exhaustion of administrative remedies before suit was filed. Because Gray did not exhaust administrative remedies, we affirm the dismissal of her suit under § 7433.

I. *Factual and Procedural Background*

This case focuses on two periods of several years during which Gray did not file income tax returns or pay taxes and on the later disputes over these unpaid taxes and unfiled returns. The first period ran from 1992 to 1995, for which Gray did not file her tax returns until October 1996 and did not begin payment until the following year. She blames her now ex-husband for the failure to file these returns and pay these taxes on time. Gray also did not timely report and pay her taxes during a second period, from 2001 to 2004. Again blaming her by-then ex-husband, she asserts that she did not file tax returns for this second period because of a lengthy legal dispute with him about who would pay their son's college tuition and who could list their son as a dependent. Gray claims that she believed she could not file her tax returns or even pay her taxes until she resolved this dispute with her ex-husband. (Without deciding the merits, we must note our doubt that tax law should be interpreted to excuse filing and payment when ex-spouses reach such stalemates in divorce cases.)

Gray sued the IRS pro se in May 2011, alleging that IRS agents engaged in widespread misconduct during the decade that it has sought to collect Gray's arrearages. Among other things, she says, IRS employees: refused to honor a written IRS commitment that, she believes, establishes that she owed no taxes for the first period; orally abused her about her overall tax debt; threatened her with a perjury prosecution for contesting her debt;

conducted an "unauthorized" audit in May 2009 when she attempted to revise her tax returns for the first period of tax debt; and incorrectly told her that she could not sue the IRS.

More than six months into this lawsuit, after the government had moved to dismiss for failure to exhaust, Gray submitted an administrative claim to the IRS. Raising allegations that overlap with but do not perfectly match her lawsuit's charges, she accused IRS agents of collecting taxes "illegally" in four ways: (1) they conducted an "illegal" audit in May 2009 for the 1992-95 tax years; (2) they demanded payment for amounts incorrectly reflected in the audit; (3) they inaccurately asserted in a Tax Court case that Gray owed arrearages; and (4) they refused to bind the IRS to a supposed earlier determination that she owed no money for the years in question. A month after she filed her administrative claim, the district court dismissed Gray's complaint without prejudice on grounds including failure to exhaust administrative remedies, and gave her one month to amend the complaint.

With the assistance of counsel, Gray then filed a second amended complaint seeking relief under three statutes: 26 U.S.C. § 7422 (providing for refunds), § 7432 (authorizing damages for unreleased tax liens), and § 7433 (authorizing damages for unauthorized tax collections). Gray makes no discernible argument on appeal under the first two statutes, so she has abandoned those claims. See Fed R. App. P. 28(a)(9); *Cole v. Comm'r*, 637 F.3d 767, 772-73 (7th Cir. 2011). The following

month, the IRS rejected Gray's administrative claim. The government then moved to dismiss Gray's counsel-assisted complaint on grounds that once again included failure to exhaust administrative remedies. Gray opposed the motion to dismiss but did not contest that the administrative claim attached to the motion to dismiss was the claim that she had filed.

The district court granted the government's motion to dismiss. With respect to the § 7433 claims at issue in this appeal, the court concluded that none of them stated a claim for relief because they principally challenged the assessment rather than the collection of taxes. The court also concluded that other claims in the complaint should be dismissed either as unexhausted or, in the case of the claim relating to a May 2009 audit, as untimely.

## II. *Discussion*

Gray presents a handful of arguments on appeal, but in our view, the decisive issue in this case is whether she exhausted administrative remedies. Gray argues that she did enough to exhaust because § 7433 permitted her to file her administrative claim after she filed her law-suit. The government responds that exhaustion is a juris-dictional prerequisite to suit, that Gray filed suit before exhausting administrative remedies, and that the district court thus lacked jurisdiction. In our view, neither party is entirely correct, but we affirm the dismissal of Gray's claims.

Exhaustion of administrative remedies is a condition of the federal government's waiver of sovereign

immunity for suits for damages under § 7433 for unauthorized tax collection. Congress has permitted suits for damages alleging that, "in connection with any collection of Federal tax," an IRS employee negligently, recklessly, or intentionally "disregard[ed] any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). Congress has specified that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." § 7433(d)(1).

Although a plaintiff must exhaust administrative remedies to recover damages under § 7433, exhaustion is not a jurisdictional requirement. After struggling with the issue in many contexts for many years, the Supreme Court articulated a bright-line rule to determine whether a statutory limitation is truly jurisdictional: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006); see also *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 869 (7th Cir. 2011). Section 7433 contains no language suggesting that Congress intended to strip federal courts of jurisdiction when plaintiffs do not exhaust administrative remedies. Thus, in the wake of *Arbaugh*, our colleagues in the Sixth Circuit overruled circuit precedent and concluded that the exhaustion requirement in § 7433 is not jurisdictional. *Hoogerheide v. IRS*, 637 F.3d 634, 636-39 (6th Cir. 2011); see also *Kim v. United States*, 632 F.3d 713, 718-20 (D.C. Cir. 2011) (concluding that, under § 7433, a plaintiff need not plead

exhaustion to survive a motion to dismiss). This conclusion is consistent with our view that, because sovereign immunity can be waived, the defense is not jurisdictional. See *Collins v. United States*, 564 F.3d 833, 837-38 (7th Cir. 2009); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008).

While exhaustion of administrative remedies is not a jurisdictional prerequisite to suit, which would mean the requirement could not be waived and the courts would be required to raise the issue on their own initiative, exhaustion is still a statutory requirement for recovery, § 7433(d)(1), and a condition of the government's waiver of sovereign immunity. The government is entitled to insist on exhaustion. By demanding compliance, the government may insist that Gray exhaust administrative remedies as specified in its regulations, "using all steps that the agency holds out, and doing so *properly.*" *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original); see also *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *LaBonte v. United States*, 233 F.3d 1049, 1051-53 (7th Cir. 2000); *Amwest Surety Ins. Co. v. United States*, 28 F.3d 690, 697-98 (7th Cir. 1994). It is undisputed that Gray filed a formal claim with the IRS only after filing her lawsuit. We agree with the government that this belated attempt did not comply with IRS procedures and therefore bars Gray from maintaining this suit.[1]

---

[1] Because exhaustion is a (non-jurisdictional) affirmative defense, in a typical case it would be inappropriate on a

(continued...)

Congress explicitly conditioned a plaintiff's ability to collect damages under § 7433 on the plaintiff's exhaustion of "the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In accord with the statute, the IRS created an administrative framework for pursuing damages claims under § 7433. See 26 C.F.R. § 301.7433-1. In addition to setting forth procedures for pursuing an administrative claim, this regulation specifies that a taxpayer must file an administrative claim before filing a lawsuit for damages:

> (d) **No civil action in federal district court prior to filing an administrative claim**--(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:

---

[1] (...continued)

motion to dismiss to consider materials outside the complaint, including the administrative claim itself. See *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 664-65 (7th Cir. 2011); *Kim v. United States*, 632 F.3d 713, 718-20 (D.C. Cir. 2011). Nonetheless, Gray has had ample opportunity to present evidence and relevant allegations supporting her claim of exhaustion. She does not dispute that she filed a formal administrative claim only after she sued or that the claim attached to the government's motion is her claim. See *Edgenet*, 658 F.3d at 665; *Loeb Indus. Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479-80 (7th Cir. 2002); *Massey v. Helman*, 259 F.3d 641, 646 n.8 (7th Cir. 2001). Accordingly, we may consider the administrative claim in resolving this purely legal issue.

(i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or

(ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

(2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.

§ 301.7433-1(d).

Gray argues that this regulation runs afoul of the statutory text because it requires a taxpayer to exhaust administrative remedies before filing suit against the government.[2] The statute states that "a judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative

---

[2] Gray also argues that the regulation was improperly promulgated, but this argument is meritless. The regulation was subject to notice and comment procedures, and nothing appears unusual about its promulgation. See Civil Cause of Action for Unauthorized Collection Actions, "Final Regulations," 57 Fed. Reg. 3535-01, codified at 26 C.F.R. § 301.7433-1 (Jan. 30, 1992); Civil Cause of Action for Unauthorized Collection Actions, "Notice of Proposed Rulemaking," 56 Fed. Reg. 28842-01 (proposed June 25, 1991).

remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Gray reads this language as unambiguously allowing a taxpayer to pursue administrative remedies after filing suit, at any time before the award of judgment in court. Because, in Gray's view, the exhaustion regulation contradicts an explicit statutory command, she argues that we should ignore the regulation's requirement that administrative remedies be exhausted before filing suit.

Congress envisioned that the IRS would make administrative remedies available to taxpayers seeking damages under § 7433. Congress required taxpayers to exhaust such remedies but did not set forth the details for a remedial scheme. See 26 U.S.C. § 7433(d)(1). Because Congress left a statutory gap for the IRS to fill in with details, we apply the two-step procedure in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to determine whether the regulation is a permissible construction of the statute. *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005).

First, using the "traditional tools of statutory construction," we consider whether "Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842-43 & n.9. The precise question here is whether a taxpayer is permitted to file suit under § 7433 before exhausting administrative remedies. Gray insists that Congress has answered yes, but we conclude that the statute leaves the matter to the IRS. By establishing that a "judgment for damages shall not be awarded" unless a

plaintiff exhausts the administrative remedies "available to such plaintiff within" the IRS, § 7433(d)(1) sets a floor, not a ceiling. It restricts the plaintiff's right to recover by setting forth the bare minimum that a plaintiff must do to recover damages. The provision thus does not purport to limit the agency's discretion to impose additional exhaustion requirements, nor does it entitle a taxpayer to exhaust after filing suit. Section 7433's reference to remedies "within the Internal Revenue Service" envisioned that the IRS would fill in the details of the administrative claim scheme and specify the mechanics of exhaustion.

Because the statute does not unambiguously allow taxpayers to exhaust administrative remedies after filing suit, we proceed to step two of the *Chevron* analysis, asking whether the requirement that a taxpayer exhaust administrative remedies before filing suit is a "permissible construction" of § 7433. *Chevron*, 467 U.S. at 843. It is. Cases interpreting a variety of similar federal statutes have likewise required exhaustion of administrative remedies *before suit. E.g.*, *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 25-26 (1989) (RCRA); *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 494 (7th Cir. 2012) (IDEA); *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011) (ERISA); *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (FTCA); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (PLRA); *Bartley v. United States*, 123 F.3d 466, 467-68 (7th Cir. 1997) (26 U.S.C. § 7422); *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (FOIA).

That these kinds of interpretations abound is not surprising. The most basic purposes of administrative ex-

haustion would be undermined if plaintiffs were permitted to sue before exhausting available administrative remedies. Pre-suit exhaustion exhibits respect for a coordinate branch of the federal government by giving the agency "an opportunity to correct its own mistakes . . . before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation omitted). Exhaustion before suit also gives the agency and the would-be plaintiff the opportunity to work out their differences without litigation, thus conserving the resources of the judiciary and the parties. See *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Ford*, 362 F.3d at 398. And even if litigation ensues, pre-suit exhaustion may narrow the issues before the court or at least encourage the development of a clean factual record. See *Porter*, 534 U.S. at 525; *Edwards*, 639 F.3d at 361. It is permissible for the IRS to interpret section 7433 in light of these advantages and to conclude that they "outweigh a plaintiff's relatively minor inconvenience of having to pursue her claims administratively before rushing to federal court." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996).

It is true that some of the other statutes in the cases we cited above have language that is more specific about requiring exhaustion before filing suit. For example, RCRA provides that "No action may be commenced" under the citizen-suit provision until the plaintiff gives prior notice to federal and state agencies and the alleged violator. *Hallstrom*, 493 U.S. at 25-26, quoting 42 U.S.C. § 6972(b)(1). The Federal Tort Claims Act provides "An action shall not be instituted . . . unless the claimant

shall have first presented the claim" to the agency. *Warrum*, 427 F.3d at 1050, quoting 28 U.S.C. § 2675(a). The statute for a tax refund case provides that "No suit or proceeding shall be maintained . . . until a claim for refund or credit has been duly filed . . . ." *Bartley*, 123 F.3d at 468, quoting 26 U.S.C. § 7422(a).

Gray makes a respectable argument that the different language in § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.") means that she did not have to exhaust administrative remedies until it came time to enter a judgment in her favor, at the end of the district court lawsuit.

That is a reasonable reading of the statute, but we do not think it is the only reasonable way to read it. The policy reasons for requiring exhaustion of administrative remedies are served only if exhaustion is required before suit is filed. Moreover, the practice of requiring prior exhaustion is so widespread and entrenched in federal law that it would take clearer statutory language than we find in § 7433(d)(1) to convince us that Congress meant to prohibit the IRS from requiring exhaustion before suit is filed.

In determining whether the agency's interpretation is reasonable at *Chevron* step two, we may also consider legislative history. See *Emergency Services Billing Corp. v. Allstate Insurance Co.*, 668 F.3d 459, 465-66 (7th Cir. 2012); see generally *Chevron*, 467 U.S. at 845 (recognizing that

legislative history is relevant at step two); *Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153-54 (1982) (if agency's regulation represents reasonable accommodation of conflicting policies "committed to the agency's care by statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that Congress would have sanctioned"), quoting *United States v. Shimer*, 367 U.S. 374, 383 (1961). The legislative history of § 7433(d)(1) likewise suggests that Congress did not intend to prohibit the IRS's requirement for exhaustion of administrative remedies before suit. Both the House and Senate committee reports explained that a taxpayer may not "seek" damages under § 7433 without first exhausting administrative remedies. H. R. Rep. No. 105-364, pt. 1, at 59 (1997) ("No person is entitled to *seek* civil damages for negligent, reckless, or intentional disregard of the Code or regulations in a court of law unless he *first exhausts* his administrative remedies.") (emphases added); S. Rep. No. 105-174, at 49 (1998) ("No person is entitled to *seek* civil damages in a court of law without *first exhausting* administrative remedies.") (emphases added). The taxpayer "seeks" damages when suit is filed. These committee reports thus support the view that the IRS regulation is a permissible interpretation of § 7433(d)(1) and not an arbitrary or capricious action by the agency.

For these reasons, we conclude that 26 U.S.C. § 7433(d)(1) can reasonably be interpreted to require exhaustion of administrative remedies before suit. Gray did not comply with the straightforward IRS regulation that adopted this view. See 26 C.F.R. § 301.7433-1(d). Instead, she

went directly to federal court and waited nearly six more months before presenting some of her claims for damages to the IRS. This was too late. Because Gray sued before presenting her claims to the IRS, she cannot maintain this lawsuit.

And even apart from the exhaustion issue, Gray's claims fail for an independent reason that we cannot ignore: she has not alleged in her suit or administrative claim that the IRS violated any statutes or regulations in connection with the collection of her taxes, and even on appeal has not identified any statutes or regulations that were violated. 26 U.S.C. § 7433(a). In the complaint, Gray alleges that IRS agents 'disregarded' an IRS letter supposedly stating that she owed no taxes, but she does not point to the statute or regulation that the agents violated by overlooking the letter. Similarly Gray asserts that IRS agents conducted an "unauthorized audit" and "provided or failed to provide accurate information" concerning Gray's appeal rights, but she does not specify how these actions ran afoul of the law. We asked Gray's counsel at oral argument which statutes or regulations, in Gray's view, the IRS had violated, and he did not identify any (besides § 7433 itself). A plaintiff may not pursue a § 7433 action for violation of anything but statutes or regulations. See *Shwarz v. United States*, 234 F.3d 428, 433-34 (9th Cir. 2000); *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992). We do not hold that the the statutes and/or regulations allegedly violated must be identified in the district court complaint, but at some point the plaintiff needs to be prepared to identify the statutes and/or regulations that IRS employees allegedly

disregarded. Because Gray still has not identified any laws or regulations the IRS violated, she cannot prevail on her § 7433 claim.

The judgment of the district court is AFFIRMED.