**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2911
_____

WILLIAM C. BULLOCK, SR.,

Appellant

v.

INTERNAL REVENUE SERVICE; HENRY SLAUGHTER;
DEANN BENDER; MARY HANNAH; B. CLARK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-02266)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2014

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 11, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant William Bullock appeals the District Court's order denying his motion for a default judgment and granting the defendants' motion to dismiss. For the reasons detailed below, we will affirm the District Court's judgment.

Bullock instituted this action in 2012, filing a complaint that named the Internal Revenue Service (IRS) and four of its employees as defendants. The complaint presented standard tax-protestor claims, including the following: (1) domestically earned wages of U.S. citizens are not taxable because they are not listed in 26 U.S.C. § 861; (2) the Constitution does not permit a direct, non-apportioned income tax; (3) only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws; (4) the United States cannot tax the fruits of Bullock's fundamental right to work; and (5) the United States must tax Bullock's "gain" — the income he earns after subtracting the value of his labor — rather than his income.[1] When the defendants did not file a responsive pleading within the prescribed period, Bullock filed a motion for a default judgment. The defendants then filed a motion to dismiss.

---

[1] These claims have been characterized as "universally discredited," United States v. Bell, 414 F.3d 474, 476 (3d Cir. 2005) (claim 1); "devoid of any arguable basis in law," United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (claim 2); "frivolous squared," United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (claims 3 and 5); and, simply, "frivolous," Funk v. Comm'r, 687 F.2d 264, 265 (8th Cir. 1982) (per curiam); see generally United States v. Connor, 898 F.2d 942, 944 (3d Cir. 1990) ("We take this opportunity to reiterate that wages are income within the meaning of the Sixteenth Amendment. Unless subsequent Supreme Court decisions throw any doubt on this conclusion, we will view arguments to the contrary as frivolous, which may subject the party asserting them to appropriate sanctions.").

A Magistrate Judge recommended that the District Court deny Bullock's motion for a default judgment and grant the defendants' motion to dismiss. More particularly, the Magistrate Judge concluded that Bullock had failed to state a claim as to the individual defendants, and that his claims against the United States were barred by sovereign immunity. The District Court approved and adopted this report and recommendation, and Bullock filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Bullock's motion for a default judgment for abuse of discretion, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), and exercise plenary review over the District Court's order dismissing Bullock's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court's disposition of this case. As an initial matter, the Court did not abuse its discretion in denying Bullock's request for a default judgment. In short, none of the relevant default-judgment factors militate in Bullock's favor — he was not prejudiced by the defendants' tardy filing, there is no indication that the defendants were culpable, and, as will be discussed below, the defendants had litigable defenses. See Chamberlain, 210 F.3d at 164. We therefore affirm the District Court's denial of this motion.

Nor did the District Court err in granting the defendants' motion to dismiss. As the Court explained, absent a waiver, sovereign immunity shields from suit the United

3

States, FDIC v. Meyer, 510 U.S. 471, 475 (1994), its agencies, Beneficial Consumer Disc. Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995), and its employees sued in their official capacities, see Chinchello v. Fenton, 805 F.2d 126, 130, n.4 (3d Cir. 1986). Consent to suit "must be unequivocally expressed" in statutory text, and cannot simply be implied. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (quotation marks omitted).

In his complaint, Bullock identified two statutes in which Congress has waived the government's sovereign immunity in tax matters. First, pursuant to 26 U.S.C. § 7433, a taxpayer may sue the United States to challenge the "collection of Federal tax." Second, pursuant to 28 U.S.C. § 1346(a)(1), a taxpayer may sue the United States for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."[2] However, both of these statutes require a taxpayer to exhaust administrative remedies before bringing suit in federal court. See United States v. Dalm, 494 U.S. 596, 602 (1990) (discussing exhaustion requirement for actions under § 1346(a)(1) (citing § 7422(a)); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994) (discussing exhaustion requirement for actions under § 7433 (citing 26 U.S.C. § 7433(d)). Bullock has acknowledged, in both the District Court and this Court, that he did not

---

[2] In his complaint, Bullock also premised jurisdiction on 28 U.S.C. § 1331, 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1491, and 42 U.S.C. § 1983. The District Court concluded that none of these statutes permitted Bullock to proceed in these circumstances. He has not challenged these conclusions on appeal, and has thus waived any claim of error. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

4

exhaust his administrative remedies. He contends that exhaustion would have been futile because he would have been denied relief, but that is not a legitimate excuse for failing to exhaust. See Bartley v. United States, 123 F.3d 466, 469 (7th Cir. 1997) (explaining that "this kind of argument was long ago rejected by the Supreme Court"). Bullock's failure to exhaust is fatal to his claims under § 7433 and § 1346(a)(1).[3]

Moreover, to the extent that Bullock sought to sue IRS employees in their individual capacities, his claims fare no better. We have squarely held that, given the existence of various statutes permitting taxpayer suits — including § 7433 and § 1346(a)(1) — "a Bivens [v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)] action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights." Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000). Bullock has identified no other statutory authority for his claims against the individual officials.

Finally, the District Court did not err in denying injunctive relief to Bullock. As the Court recognized, the Anti-Injunction Act, 26 U.S.C. § 7421(a), states that, with

---

[3] We have previously characterized the § 7433 exhaustion requirement as "jurisdiction[al]." Venen, 38 F.3d at 103. Other Courts have concluded that, in light of Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), the exhaustion requirement should be viewed as mandatory but not jurisdictional. See, e.g., Gray v. United States, 723 F.3d 795, 798 (7th Cir. 2013). This distinction is of little consequence here because, under either approach, Bullock's failure to exhaust is fatal to his claims. Moreover, given that Bullock acknowledges his failure to exhaust and interposes only a legal defense, it was permissible for the District Court to consider this issue at the motion-to-dismiss stage. See id. at 799 n.1.

limited exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Bullock does not contest this ruling on appeal, and we therefore need not discuss it further. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

Accordingly, we will affirm the District Court's judgment.