NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided March 30, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3477

| | |
|---|---|
| HARVEY HOOVER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 3:13-cv-217 |
| UNITED STATES OF AMERICA, et al., *Defendants-Appellees*. | Theresa L. Springmann, *Judge*. |

**O R D E R**

In 2003 Harvey Hoover received a reward of $65,146.07 from the Internal Revenue Service for helping it collect unpaid tax from another taxpayer. *See* 26 U.S.C. § 7623. The IRS applied the entire award to Hoover's outstanding tax liabilities, which stemmed from his own prior tax fraud. *See United States v. Hoover*, 240 F.3d 593 (7th Cir. 2001); *United States v. Hoover*, 175 F.3d 564 (7th Cir. 1999). Eight years later Hoover filed an administrative claim with the IRS under the Federal Tort Claims Act, 28 U.S.C.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

§§ 2671–2680, principally contending that the IRS should have written him a check for the sum instead. The IRS rejected his claim, concluding that it was barred because the FTCA does not cover claims arising out of the assessment or collection of taxes. *See* 28 U.S.C. § 2680(c). Hoover then sued the agency in federal court, adding a claim of false imprisonment stemming from his prior sentence for tax fraud and disputing the collection of his United States savings bonds as payment for unpaid tax liabilities following his conviction. The district judge dismissed the suit on grounds that the FTCA did not apply to claims relating to tax collection or false imprisonment and that Hoover had failed to exhaust his administrative remedies under both the FTCA and 26 U.S.C. § 7433, the statute that provides a mechanism for taxpayers to recover damages for unlawful collection of taxes.

Hoover asserts generally that the district court erred in dismissing his suit, but his argument has no merit. As the district court explained, Hoover cannot state a claim under the FTCA regarding the collection of either the savings bonds or his 2003 reward because the statute does not waive the government's sovereign immunity for claims relating to the assessment or collection of taxes. *See* 28 U.S.C. § 2680(c); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004). The district court also correctly determined that Hoover's suit could not proceed under 26 U.S.C. § 7433 because he had not exhausted his administrative remedies by first submitting his claim to the regional area director of the IRS. *See* 26 C.F.R. § 301.7433-1(d)–(e); *Gray v. United States*, 723 F.3d 795, 802 (7th Cir. 2013). We also note that any claim under § 7433 would be barred by the applicable two-year statute of limitations because Hoover did not file this suit until eight years after the IRS applied his reward to his unpaid tax liabilities. *See* 26 U.S.C. § 7433(d)(3); 26 C.F.R. § 301.7433-1(g); *Kovacs v. United States*, 614 F.3d 666, 673 (7th Cir. 2010).

Hoover also continues to challenge aspects of his earlier criminal proceedings, insisting, for example, that he was falsely imprisoned for tax fraud. But these assertions imply the invalidity of his conviction, and thus his claims related to those proceedings are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Matz v. Klotka*, 769 F.3d 517, 530 (7th Cir. 2014).

To the extent he raises other arguments, we have considered them and they are without merit.

AFFIRMED