**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1218
_____

JEFFREY P. GOOD;
MARY A. GOOD, Husband and Wife,

Appellants

v.

INTERNAL REVENUE SERVICE; HENRY SLAUGHTER; DEANN BENDER;
B. CLARK; LAWRENCE R. COFFIN; MAUREEN GREEN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-00755)
District Judge: Honorable Edward G. Smith
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2015

Before: FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 2, 2015)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Jeffrey and Mary Good, husband and wife, appeal pro se from the District Court's order dismissing their amended complaint. We will affirm the District Court's judgment.

I.

In January 2014, the Goods initiated this action by filing a pro se complaint in the District Court against the Internal Revenue Service ("IRS") and five IRS employees ("the individual defendants"). The 92-page complaint, which contained few factual allegations and relied solely on tax protester-type arguments, claimed that the Goods are not subject to the federal income tax and that they are entitled to damages in light of the defendants' past efforts to collect that tax.

The IRS moved to dismiss, arguing that the complaint (1) failed to state a claim upon which relief can be granted, and (2) was "unnecessarily and confusingly prolix" and thus failed to comply with Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" requirement.[1] The individual defendants also moved to dismiss, arguing that the District Court lacked jurisdiction over the claims against them, and that those claims failed to state a claim upon which relief can be granted. In August 2014, the District Court granted the IRS's motion in part, concluding that the complaint ran afoul of Rule 8(a)(2). The District Court afforded the Goods 21 days to file an amended complaint, and denied the defendants' other arguments for dismissal without prejudice to their ability to renew those arguments if and when an amended complaint was filed.

_____

constitute binding precedent.

[1] That rule provides that a pleading must contain "a short and plain statement of the claim

2

The Goods timely filed an amended complaint. This new pleading, only two pages long, once again challenged the collection of federal income tax, claiming that "[f]undamental law via Common Law contains limitations . . . [that] absolutely forbid[] a direct tax upon the people without apportionment." (Supplemental App. at 13.) The IRS subsequently moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted. The Goods opposed that motion, incorporating their arguments from their original complaint.

On November 5, 2014, the District Court scheduled oral argument on the motion to dismiss (and another motion that is not at issue here) for November 20, 2014. The Goods did not appear at the hearing. On December 30, 2014, the District Court granted the IRS's motion to dismiss, dismissed the amended complaint with prejudice, and closed the case. In its opinion, the District Court explained that "the federal income tax is constitutional, wages are taxable income, and the Sixteenth Amendment removed the apportionment requirement for direct taxes." (Id. at 8 (quotation marks omitted).) The District Court further explained that, "[i]nsofar as the amended complaint aims to provide factual clarification by incorporating the substance of the original complaint, the amended complaint, like the original complaint, violates Rule 8(a)(2) as being devoid of any factual or legal basis for a claim." (Id. at 8-9.) The District Court denied further leave to amend, and stated that its dismissal was pursuant to the IRS's motion and, "to the

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

extent necessary, pursuant to the court's *sua sponte* power under Federal Rule of Civil Procedure 8(a)(2)." (Id. at 3.) This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the dismissal of a pleading under Rule 8(a)(2) for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996), and our review of a pleading's dismissal for failure to state a claim upon which relief can be granted is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm a district court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

On appeal, the Goods claim that they were not notified in advance of the November 20, 2014 hearing, and they argue that their amended complaint was improperly dismissed based on their failure to attend that hearing. This argument is meritless. Regardless of whether they actually received advanced notice of the hearing,[2] it is clear from the record that the District Court did not dismiss the amended complaint based on their failure to attend that hearing. Rather, as highlighted above, the dismissal was based on defects in the amended complaint. For the reasons that follow, we agree with the District Court's decision to dismiss the amended complaint.

---

[2] We note that the District Court's docket indicates that a copy of the court's November 5, 2014 scheduling order was mailed to the Goods.

4

Absent a waiver, the doctrine of sovereign immunity shields from suit the United States and its agencies, FDIC v. Meyer, 510 U.S. 471, 475 (1994), as well as federal employees sued in their official capacities, see Treasurer of N.J. v. U.S. Dep't of the Treasury, 684 F.3d 382, 395 (3d Cir. 2012). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citation omitted). Here, the Goods identified two relevant statutes in which Congress has waived the Government's sovereign immunity in tax matters. We consider them in turn.

First, under 28 U.S.C. § 1346(a)(1), a taxpayer may sue the United States for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." Before filing such a lawsuit, however, the taxpayer *must* file a timely claim for a refund or credit with the Secretary of the Treasury. See 26 U.S.C. § 7422(a); see also Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 146 (3d Cir. 2008) (explaining that this requirement "is a prerequisite to federal jurisdiction"). Here, neither the Goods' original complaint nor their amended complaint alleged facts demonstrating that they had timely filed such a claim. Accordingly, the Goods could not proceed under § 1346(a)(1).

The other relevant statute relied upon by the Goods is 26 U.S.C. § 7433, which permits a taxpayer to bring a suit for civil damages for certain unauthorized collection actions. This statute requires the taxpayer to first exhaust "the administrative remedies available to such [taxpayer] within the [IRS]." 26 U.S.C. § 7433(d)(1). More than two

5

decades ago, in <u>Venen v. United States</u>, 38 F.3d 100, 103 (3d Cir. 1994), we characterized this exhaustion requirement as jurisdictional. However, in light of the Supreme Court's subsequent decision in <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500 (2006), other courts of appeals have recently concluded that this exhaustion requirement is *not* jurisdictional. See <u>Gray v. United States</u>, 723 F.3d 795, 798 (7th Cir. 2013) (collecting cases). We need not revisit that issue here because, under either approach, dismissal of the Goods' amended complaint with prejudice was warranted. There is no indication that the Goods exhausted their administrative remedies, and their claims (including those raised in their original complaint) otherwise fail because the tax protester rhetoric upon which they rely is the same or similar to arguments that we and our sister courts have roundly rejected. See, e.g., <u>United States v. Bell</u>, 414 F.3d 474, 475-76 (3d Cir. 2005); <u>United States v. Connor,</u> 898 F.2d 942, 944 (3d Cir. 1990); <u>Sauers v. Comm'r</u>, 771 F.2d 64, 66, 68 n.6 (3d Cir. 1985); <u>United States v. Cooper</u>, 170 F.3d 691, 691 (7th Cir. 1999); <u>Lonsdale v. United States</u>, 919 F.2d 1440, 1448 (10th Cir. 1990); <u>Funk v. Comm'r</u>, 687 F.2d 264, 265 (8th Cir. 1982) (per curiam).[3]

In light of the above, we will affirm the District Court's judgment.

---

[3] We need not consider whether dismissal of the Goods' amended complaint was warranted under Rule 8(a)(2).