NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 12, 2016[*]
Decided December 13, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1444

| | |
|---|---|
| SIMEON LEWIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 14-cv-7173 |
| BNSF RAILWAY COMPANY and | |
| MATTHEW K. ROSE, | John Z. Lee, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Simeon Lewis, who also uses the name Simeon Washa Amen Ra, describes himself as "an indigenous inhabitant traveler" and also as "One of We the People." His employer, BNSF Railway Company, has been withholding money from Lewis's paychecks for (1) current federal income taxes, (2) back taxes for which the IRS has served the company with a notice of levy, and (3) delinquent child support for which a

---

[*] We have agreed unanimously to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

circuit court in Cook County, Illinois, has issued garnishment orders. In this action, which accuses BNSF and one of its executives of violating the federal Constitution and Illinois law, Lewis seeks to halt further deductions from his pay and the return of amounts already collected.

The district court, adopting a magistrate judge's recommendation, dismissed the action. First, the court reasoned, the Anti-Injunction Act, 26 U.S.C. § 7421(a), precludes it from exercising subject-matter jurisdiction over claims intended to thwart the collection of income tax. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 9–10 (1974) (concluding that § 7421(a) precluded suit challenging withholding of income tax); *Cleveland v. C.I.R.*, 600 F.3d 739, 740, 742 (7th Cir. 2010) (concluding that § 7421(a) precluded action challenging IRS's use of "lock-in letter" that directed employer to disregard Forms W-4 submitted by taxpayer and withhold tax at specified rate); *Stefanelli v. Silvestri*, 524 F. Supp. 1317, 1318–19 (D. Nev. 1981) (explaining that lawsuit challenging employer's refusal to honor taxpayer's Forms W-4 after receiving "lock-in letter" from IRS, although "styled as one seeking relief against the Defendants in their capacity as an employer of the Plaintiff," in fact was "an action to enjoin the Government from collecting taxes"), *aff'd*, 698 F.2d 1232 (9th Cir. 1982). Second, the district court continued, an employer cannot be liable for complying with an IRS notice of levy. *See* 26 U.S.C. § 3403; *Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984). And, finally, the court concluded, the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923), divests it of subject-matter jurisdiction to review the Illinois court's orders garnishing Lewis's wages to pay overdue child support. *See Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742–43 (7th Cir. 2016); *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

Lewis appeals the dismissal, but the district court's analysis adequately disposes of his contentions. Lewis's brief frivolously challenges the existence of the circuit court's child-support orders and repeats other frivolous theories that have been rejected in other cases. *See Towe Antique Ford Found. v. I.R.S.*, 999 F.2d 1387, 1394 (9th Cir. 1993) (reiterating that taxpayer does not have right to judicial hearing before IRS levy becomes enforceable); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768, 770 (9th Cir. 1986) (concluding that employee's lawsuit, pleaded as contract action and challenging employer's withholding of income tax pursuant to IRS directive, was barred by Anti-Injunction Act); *Maxfield v. U.S. Postal Serv.*, 752 F.2d 433, 433–34 (9th Cir. 1984) (concluding that Anti-Injunction Act prevented court from considering taxpayer's

argument that employer was required to accept assertion on Form W-4 that he was exempt from paying income taxes). We warn Lewis that further litigation of this kind may subject him to sanctions.

AFFIRMED.