**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020[*]
Decided January 9, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3460

| | |
|---|---|
| SIMEON WASHA AMEN RA, a/k/a SIMEON LEWIS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-cv-8295 |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | John Z. Lee, *Judge*. |

**O R D E R**

Simeon Washa Amen Ra, who describes himself as "an indigenous inhabitant traveler" and "One of We the People," believes that the Internal Revenue Service has unlawfully garnished his wages and imposed liens on his property to collect unpaid penalties assessed after he filed numerous frivolous income-tax returns. He sued the IRS under assorted federal statutes. The district court concluded that Amen Ra's claims were barred by sovereign immunity and dismissed the case for lack of subject-matter

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

jurisdiction. We agree with the district court that the doctrine of sovereign immunity bars Amen Ra's claims and affirm.

This is not the first time Amen Ra has sought to stop the IRS from collecting unpaid taxes and penalties. Several years ago, he brought a similar action against his employer regarding the same assessment. We upheld the dismissal of that action on grounds that the Anti-Injunction Act, 26 U.S.C. § 7421(a), precluded the district court from exercising subject-matter jurisdiction over claims intended to thwart the collection of income tax. *See Lewis v. BNSF Ry. Co.*, 671 F. App'x 386, 387 (7th Cir. 2016). Characterizing the appeal as frivolous, we warned Amen Ra that further litigation of this kind may subject him to sanctions. *Id.* at 387.

Amen Ra nevertheless returned to federal court, maintaining that the IRS violated several tax-code provisions when it levied his wages and filed a lien against his assets—all without holding a hearing. Amen Ra sought relief under an array of federal tax statutes—including 26 U.S.C. §§ 6330, 7214, 7422, 7426, 7433—and constitutional provisions.

The district court granted the government's motion to dismiss for lack of subject-matter jurisdiction based on the doctrine of sovereign immunity. As the court explained, exhaustion of administrative remedies is a condition of the federal government's waiver of sovereign immunity for suits regarding unauthorized tax collection, *see* 26 U.S.C. §§ 7422(a), 7433(d)(1), and it was apparent from the face of Amen Ra's complaint that he did not file the forms necessary for exhaustion.

On appeal, Amen Ra first challenges the district court's conclusion that sovereign immunity precludes his suit because "sovereignty resides not in the government, but in the [p]eople." But the district court correctly concluded that sovereign immunity precluded Amen Ra's claims. The exclusive remedy for challenging wrongful tax collection is through § 7433, so Amen Ra's constitutional arguments are barred. *See Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 111–14 (2d Cir. 2005) (citing *Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir. 1985)). And though the government waives immunity under § 7422 and § 7433 to allow taxpayers to recoup wrongfully collected taxes and recover damages if IRS employees violate the tax code, Amen Ra needed to exhaust his administrative remedies for that waiver to attach. *See* §§ 7422(a), 7433(d)(1); *Goldberg v. United States*, 881 F.3d 529, 532–33 (7th Cir. 2018), *cert. denied*, 138 S. Ct. 1564 (2018). Because Amen Ra did not exhaust his remedies, the district court correctly dismissed the complaint. *See Goldberg*, 881 F.3d at 532–33; *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013).

Amen Ra also generally challenges the district court's conclusion that it lacked jurisdiction to consider his remaining claims. Regarding his claim that the IRS violated 26 U.S.C. § 6330 by failing properly to notify him of the levy, the district court correctly determined that this claim is justiciable only by the Tax Court. *See* 26 U.S.C. § 6330(d); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004). As for his claims regarding two other tax-collection statutes, 26 U.S.C. § 7214 and § 7426, the court also correctly concluded that Amen Ra lacked standing to sue. The former is a criminal statute that does not include a private right of action, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), and the latter authorizes only "persons other than taxpayers" to sue to challenge a wrongful levy, 26 U.S.C. § 7426; *see also Frierdich v. United States*, 985 F.2d 379, 380, 382–83 (7th Cir. 1993).

The judgment is AFFIRMED.

IT IS FURTHER ORDERED that appellant Amen Ra is sanctioned $4,000 for filing a frivolous tax appeal. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). Within 14 days of the date of this order, Amen Ra must tender a check payable to the clerk of this court for the full amount of the sanction. If Amen Ra fails to pay the sanction by the due date, we will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers submitted by him or on his behalf unless and until he pays the sanction in full. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995). If such an order restricting Amen Ra's filings is imposed, Amen Ra may move to modify it after two years. *Id*.