**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 1, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1465

| | |
|---|---|
| SCOTT E. GILLESPIE and DEBRA J. GILLESPIE, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CV-0434 |
| UNITED STATES OF AMERICA *Defendant-Appellee*. | Lynn Adelman, *Judge*. |

**O R D E R**

Scott and Debra Gillespie sued the United States for a refund of all federal income taxes they paid for 2009, based on their position that they did not have taxable earnings. The district court dismissed the action after concluding that the Gillespies had not initially filed a claim for refund with the IRS, as required by 26 U.S.C. § 7422(a). The Gillespies appeal this dismissal, and we affirm the judgment.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In April 2013 the Gillespies filed an amended return for the 2009 taxable year "correcting" their taxable income from $82,499 to $0 and claiming a refund of all taxes paid for that tax year. On their amended return the Gillespies wrote that they had revised their earnings calculation to make it "conform to IRC Title 26 sec. 3401(a), sec. 3121(a), sec. 3401(c), and sec. 3401(d)" (referring to the tax code's definitions of "wages," "employee," and "employer"). When the IRS did not process the amended return or issue a refund, the couple commenced this action.

The government moved to dismiss, principally arguing that the Gillespies' amended return did not constitute a claim for refund for purposes of § 7422(a), which provides that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Although a legitimate tax return can be a claim for refund, *see* 26 C.F.R. § 301.6402–3(a)(5), the government asserted that the Gillespies' amended return was not "an honest and genuine attempt to meet the requirements" of the tax code because it rested on the frivolous assertion that wages are not taxable. This absence of a legitimate claim for refund, the government argued, was a jurisdictional defect. Regardless, the government added, the Gillespies' lawsuit should be dismissed because their theory of recovery is frivolous and they do not explain how any cited provision of the Internal Revenue Code would entitle them to a refund.

The district court disagreed with the government's position that § 7422(a) imposes a jurisdictional requirement but did agree that dismissal was warranted because the amended return was not a legitimate claim for refund. The amended return did not satisfy § 7422(a), the court reasoned, because it "was not an honest and genuine endeavor to satisfy the law." Accordingly, the court dismissed the suit.

On appeal the Gillespies argue that the district court erred in concluding that their amended return was invalid and did not satisfy § 7422(a). They contend that, because they did not make an *explicit* tax-protestor argument in their amended return, the court could not declare it to be frivolous or assume that it was not "an honest and genuine endeavor." The government counters, repeating its position in the district court, that the Gillespies' amended return was too frivolous to constitute a claim for

refund and, for that reason, the court lacked subject-matter jurisdiction. And even if the defect is not jurisdictional, the government continues, the court correctly concluded that the Gillespies' amended complaint failed to satisfy § 7422(a).

The Gillespies do not respond to the government's renewed argument that § 7422(a) is jurisdictional, though we note that the Supreme Court's most recent discussion of § 7422(a) does not describe it in this manner, *see United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4–5, 11–12 (2008). And other recent decisions by the Court construe similar prerequisites as claims-processing rules rather than jurisdictional requirements, *see, e.g., United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632–33 (2015) (concluding that administrative exhaustion requirement of Federal Tort Claims Act is not jurisdictional); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (concluding that Copyright Act's registration requirement is not jurisdictional); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (concluding that statutory minimum of 50 workers for employer to be subject to Title VII of Civil Rights Act of 1964 is not jurisdictional). These developments may cast doubt on the line of cases suggesting that § 7422(a) is jurisdictional. *See, e.g., United States v. Dalm*, 494 U.S. 596, 601–02 (1990); *Greene-Thapedi v. United States*, 549 F.3d 530, 532–33 (7th Cir. 2008); *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520–21 (7th Cir. 2008).

Regardless, the district court was correct that the Gillespies' amended return was frivolous and did not satisfy § 7422(a). As noted, a "properly executed" amended return constitutes a claim for refund, *see* 26 C.F.R. § 301.6402–3(a)(5); *Curry v. United States*, 774 F.2d 852, 855 (7th Cir. 1985), but a return is not valid if it lacks "an honest and reasonable intent to supply the information required by the tax code," *United States v. Moore*, 627 F.3d 830, 835 (7th Cir. 1980); *see In re Payne*, 431 F.3d 1055, 1057 (7th Cir. 2005). We have observed that in cases involving tax protestors "it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the code." *Moore*, 627 F.3d at 835. A valid claim for refund also "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b)(1). The Gillespies' assertion that the definitions of "wages," "employee," and "employer" somehow entitled them to a refund of all the taxes on some $82,000 in earnings is frivolous and does not meet these requirements.

AFFIRMED.