# United States Court of Appeals for the Federal Circuit

---

**SHARON M. WALBY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-2406

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00873-MMS, Chief Judge Margaret M. Sweeney.

---

Decided: April 29, 2020

---

SHARON M. WALBY, Palms, MI, pro se.

NATHANIEL POLLOCK, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ARTHUR THOMAS CATTERALL, RICHARD E. ZUCKERMAN.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Sharon M. Walby ("Walby") filed this action in the Court of Federal Claims ("Claims Court") on June 13, 2019, seeking a refund of federal income taxes withheld from her wages for the years 2014, 2016, 2017, and 2018. The Claims Court dismissed Walby's complaint *sua sponte* for failure to state a claim upon which relief can be granted, and, additionally, with respect to the 2014 taxes, for lack of subject matter jurisdiction. *Walby v. United States*, 144 Fed. Cl. 1, 11 (2019). Walby appeals and the government moves for sanctions. For the reasons explained below, we affirm the Claims Court's decision and deny the government's motion for sanctions.

## BACKGROUND[1]

Walby was born in Michigan, and, for the relevant time period, lived and worked in Michigan. *Walby*, 144 Fed. Cl. at 4. For the 2014 taxable year, Walby's employer, Baker College, withheld $9,751.60 in federal income taxes from her wages. *Id.* In 2015, Walby claimed exemption from all withholdings and her employer did not withhold any federal income taxes from her paychecks for that year. *Id.* That same year, in January, Walby executed an "Affidavit of Citizenship" before a notary public and submitted it to the United States Department of State ("State Department"). *Id.* In this affidavit, Walby declared that she was a sovereign citizen of the state of Michigan and, "because she was not restricted by the 14th Amendment to the United States Constitution, she was not a United States citizen thereunder but rather a nonresident alien not subject to income taxes." *Id.* (internal quotation marks

---

[1]    Our discussion of the relevant factual background is based on the Claims Court's recitation of the allegations in Walby's complaint and the exhibits attached thereto.

omitted).  According to Walby, the act of submitting the affidavit made her a nonresident alien.  *Id.*

In November 2016, at the direction of the Internal Revenue Service ("IRS"), Baker College again began to withhold federal income taxes from Walby's paychecks.  It withheld income taxes in the amount of $1,882.36 for the year 2016, $13,032.52 for the year 2017, and $10,924.43 for the year 2018.

Based on her assertion that she was exempt from federal income taxes, Walby did not file federal income tax returns for the 2014–2018 tax years.  Instead, she filed two separate Forms 843, Claim for Refund and Request for Abatement.  She filed the first of these forms with the IRS on December 22, 2017, claiming a refund of the federal income taxes withheld from her 2014 paychecks.  Walby filed the second of these forms with the IRS on December 8, 2018, claiming a refund of federal income taxes withheld from her 2016–2018 paychecks.  Walby alleges that, despite her request for a hearing, the IRS did not respond to these refund claims.  Walby therefore filed this tax refund lawsuit against the government on June 13, 2019.

On July 19, 2019, the Claims Court dismissed Walby's complaint *sua sponte*.  *Walby*, 144 Fed. Cl. at 1.  Citing Internal Revenue Code ("I.R.C.") § 7422(a), the trial court explained that filing a timely refund claim with the IRS is a jurisdictional prerequisite to filing a refund suit.  The court further explained that: (1) a timely administrative refund claim must be filed within two years of the taxes being paid; and (2) withheld federal income taxes for each calendar year are deemed paid on April 15 of the following year.  *Walby*, 144 Fed. Cl. at 7 (citing I.R.C. §§ 6511, 6513).  Based on the foregoing, the court found that Walby's 2014 administrative tax refund claim was untimely because it was filed in December 2017, more than two years after April 15, 2015—the date those taxes were deemed paid.  *Id.*

Accordingly, the court held that it lacked jurisdiction over Walby's 2014 refund claim. *Id.* at 8.

By contrast, the court found that Walby's refund claims for the years 2016–2018 were timely because they were filed on December 8, 2018, within two years of when those taxes were deemed paid. The court therefore found that it had jurisdiction over those refund claims. *Id.* The court nevertheless dismissed these claims as meritless for two separate reasons: (1) Walby was a Unites States born individual who could not meet "the burden of proof to establish 'a loss of United States nationality,'" and (2) even if she were a nonresident alien, Walby qualified as a United States resident for tax purposes pursuant to I.R.C. § 7701 by virtue of her substantial presence in the United States during the relevant time period. *Id.* at 8–9. Accordingly, the Claims Court dismissed Walby's complaint. Walby timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

A. Walby's Appeal

Whether the Claims Court properly dismissed a complaint for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted, are both questions of law that we review *de novo*. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314 (Fed. Cir. 2006); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). We reverse the Claims Court's legal conclusion only if it is incorrect as a matter of law. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed. Cir. 1990). We address in turn the Claims Court's determinations regarding the timeliness of Walby's 2014 administrative refund claim and her failure to state a claim upon which relief can be granted.

### 1. Timeliness

Congress has waived sovereign immunity over tax refund suits pursuant to 28 U.S.C. § 1346(a)(1), which provides the Claims Court (and district courts) with the authority to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a). That waiver is limited, however, and certain preconditions must be met before a taxpayer is permitted to bring a tax refund suit. Specifically, the taxpayer must make full payment of the tax liability, bring a timely claim for refund with the IRS, and file a timely complaint after the refund claim is denied or deemed denied. I.R.C. §§ 7422(a), 6532(a); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993).

On appeal, Walby does not challenge the Claims Court's determination that her IRS refund claim for the 2014 tax year was untimely. "Our law is well established that arguments not raised in the opening brief are waived." *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006). Accordingly, we treat any argument regarding the Claims Court's dismissal of Walby's 2014 refund claim as waived.

Even if these arguments were not waived, however, we see no error in the trial court's determination that Walby's 2014 administrative refund claim was untimely. I.R.C. § 7422(a) provides, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." And I.R.C. § 6511(a) provides that, for cases where no return was filed by the taxpayer, an administrative refund claim must be filed with the IRS within 2 years from the time the tax was paid.

"[T]he plain language of 26 U.S.C. §§ 7422(a) and 6511 requires a taxpayer seeking a refund for . . . unlawfully assessed tax[es], to file a timely administrative refund claim before bringing suit against the Government." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 14 (2008).

In Walby's case, her 2014 claims were deemed paid on April 15, 2015 because withheld income taxes are deemed to have been paid on April 15th of the following year. I.R.C. § 6513(b). To be timely, her administrative refund claim should have been filed with the IRS by April 15, 2017. But Walby did not file her refund claim until December 22, 2017. Walby's 2014 refund claim was, therefore, untimely and the Claims Court properly dismissed that claim.

There is one aspect of the court's conclusion regarding this claim, however, that warrants additional examination. The Claims Court concluded that, because Walby's 2014 administrative refund claim was untimely, pursuant to 26 U.S.C. § 7422(a), it lacked subject matter jurisdiction over that claim. Although this conclusion is correct under our existing case law, *see, e.g.*, *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018), it may be time to reexamine that case law in light of the Supreme Court's clarification that so-called "statutory standing" defects—i.e., whether a party can sue under a given statute—do not implicate a court's subject matter jurisdiction. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014); *see also Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (recognizing that, following *Lexmark*, it is incorrect to classify "so-called" statutory-standing defects as jurisdictional).

The Tucker Act grants the Claims Court jurisdiction to render judgment "upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . in cases not sounding in tort." 28 U.S.C.

§ 1491(a)(1).  Additionally, 28 U.S.C. § 1346(a) provides that the Claims Court shall have original jurisdiction (concurrent with the district courts) of "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."  As such, Walby's failure to meet the § 7422(a) statutory requirement of a timely administrative claim for her 2014 tax claim would not seem to implicate the Claims Court's subject matter jurisdiction; rather, it appears to be a simple failure to meet the statutory precondition to maintain a suit against the government with respect to those taxes.

The Supreme Court has not addressed § 7422(a) following *Lexmark*.  We note, however, that the Court's most recent discussion of § 7422(a) does not describe it as "jurisdictional."  *See Clintwood Elkhorn Mining Co.*, 553 U.S. 1 at 4–5, 11–12.  And, although our court has continued to refer to this statute as jurisdictional following *Lexmark*, we have not yet addressed the implications of that case and the many Supreme Court cases applying it.[2]

In view of the Supreme Court's guidance in *Lexmark*, it may be improper to continue to refer to the administrative exhaustion requirements of § 7422(a) and § 6511 as "jurisdictional pre-requisites."  That these provisions concern the United States' consent to be sued would not seem to change this conclusion.  The Supreme Court has "made plain that most time bars are nonjurisdictional."  *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).  In *Kwai Fun*, the Court held that the time bar in the Federal Tort Claims Act is nonjurisdictional.  In doing so, it rejected the Government's argument that, because that time bar is

---

[2]    *See, e.g., Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018); *see also Ellis v. United States*, 796 F. App'x 749, 750 (Fed. Cir. 2020); *Langley v. United States*, 716 F. App'x 960, 963 (Fed. Cir. 2017).

a precondition to the FTCA's waiver of sovereign immunity, the time bar must be jurisdictional.  As it had in *Lexmark*, the Court distinguished jurisdictional statutes from "quintessential claim-processing rules which seek to promote the orderly progress of litigation, but do not deprive a court of authority to hear a case." *Id.* (internal quotation marks omitted).  It did not except statutes that implicate the government's waiver of sovereign immunity from that distinction.

In reaching this conclusion, the Court relied on *Arbaugh v. Y&H Corp.*, where, finding Title VII's numerical employee threshold nonjurisdictional, the Supreme Court stated:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.  But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

546 U.S. 500, 515–16 (2006).  This "clear statement" rule "does not mean Congress must incant magic words.  But traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Kwai Fun*, 575 U.S. at 410 (internal quotation marks omitted).  There is no such clear statement apparent in the statutes at issue here, 28 U.S.C. § 7422(a) and § 6511(a).[3]  Other courts also have begun to

---

[3]   We are mindful of the Supreme Court's pre-*Lexmark* jurisprudence concerning § 7422(a).  In *United States v. Dalm*, the Court held that the district court lacked jurisdiction over gift tax refund suit because "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity

question whether the time limits and administrative exhaustion requirements in these and other tax provisions should continue to be deemed jurisdictional. *See Gillespie v. United States*, 670 F. App'x 393, 394–95 (7th Cir. 2016) (whether § 7422(a) is jurisdictional); *Bullock v. I.R.S*, 602 F. App'x 58, 60 n.3 (3d Cir. 2015) (whether I.R.C. § 7433 is jurisdictional). As to at least one administrative exhaustion requirement, one court has held that it should not be deemed jurisdictional. *See Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013) (I.R.C. § 7433 "contains no language suggesting that Congress intended to strip federal courts of jurisdiction when plaintiffs do not exhaust administrative remedies"); *cf. Duggan v. Comm'r of Internal Revenue*, 879 F.3d 1029, 1034 (9th Cir. 2018) (I.R.C. § 6630(d)(1)'s 30-day filing deadline "expressly contemplates the Tax Court's jurisdiction . . . the filing deadline is given in the same breath as the grant of jurisdiction.").

Accordingly, although the Claims Court properly dismissed Walby's 2014 refund claim because she did not meet the prerequisite for bringing such a claim, we think that, under *Lexmark*, *Arbaugh*, and their progeny, the court likely did not lack subject matter jurisdiction over this claim.

---

with [§ 7422(a) and § 6511(a)] which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." 494 U.S. 596, 601 (1990). The Court referred to the statutes as "controlling jurisdictional statutes." *Id.* at 611. But this view was a departure from the Court's prior commentary on a predecessor to § 7422(a), recognizing that it "was not a jurisdictional statute at all; it simply specified that suits for recovery of taxes, penalties, or sums could not be maintained until after a claim for refund had been submitted." *Flora v. United States*, 362 U.S. 145 (1960).

### 2. Walby's Failure to State a Claim

As to her refund claims for the 2016–2018 tax years, the Claims Court found these claims were meritless because Walby is a United States citizen.[4] The Claims Court explained that, under the Fourteenth Amendment, all persons born in the United States, and subject to its jurisdiction, are citizens of the United States as well as of the state in which they reside. The Claims Court found that Walby, a Michigan-born individual, was born in the United States. It also found that the exception to birthright citizenship for individuals not subject to the jurisdiction of the United

---

[4]    With respect to Walby's 2018 refund claim, in its jurisdictional statement, the government states that the Claims Court lacked jurisdiction over this claim because Walby filed her administration refund claim with the IRS *before* the tax was deemed paid on April 15, 2019 and, as such, the claim was not "duly filed" within the meaning of I.R.C. § 7422(a). Appellee Br. vii. Again, it appears that the government confuses a plaintiff's need to satisfy certain statutory requirements before being entitled to recover on an asserted claim with the court's jurisdiction to consider or adjudicate that claim. "'[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case.'" *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). We need not address whether Walby's claim was "duly filed," however, because we agree with the Claims Court that Walby's claim is meritless on other grounds. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (declining to remand because "nothing in the analysis of the court[] below turned on the mistake, a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion.")

States did not apply to Walby, noting that her parents were not foreign diplomats at the time of her birth but, like her, were born in Michigan. Thus, the court held that Walby is a citizen of the United States. The court also held that, even if Walby were a non-citizen, she meets the "substantial presence" test for the relevant tax years, making her a United States resident for tax purposes. *Walby*, 144 Fed. Cl. at 10.

On appeal, Walby does not meaningfully challenge the Claims Court's substantial presence determination. Instead, she argues, as she did before the Claims Court, that she is not a citizen of the United States pursuant to the 14th Amendment of the Constitution. Appellant's Br. 5, 21. She argues that she has never been a slave and should never have been classified as a 14th Amendment Citizen because "14th Amendment citizenship was for freed slaves only—none of which exist today." *Id.* at 4, 8. She further insists that she has not renounced her United States citizenship, "nor is she required to do so." *Id.* at 21. She explains that she has, instead, "simply reclaimed the State citizenship available since 1787, by submitting an 'Affidavit of Citizenship.'" *Id.* Walby contends that, pursuant to this affidavit, she has abandoned the default 14th Amendment Citizenship, which was "wrongfully imposed on a free-born State Citizen." *Id.*

Walby also appears to argue that her "Affidavit of Citizenship" established her "non-citizen National" status because the U.S. Secretary of State accepted it in the course of her passport renewal "without rebuttal or resistance." *Id.* at 5. Finally, Walby appears to argue that another notarized affidavit, her December 7, 2016 "Revocation of

Election," establishes her non-citizen status pursuant to 26 U.S.C. § 6013(g).[5]  *Id.* at 12.

Walby's arguments are unavailing.  Under the 14th Amendment, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." U.S. Const. amend. XIV, § 1.  Walby, born in Michigan to parents who were not foreign diplomats and themselves were born in the United States, provides no basis on which she falls outside that language.  Walby does not argue, moreover, that she has renounced her United States citizenship pursuant to 8 U.S.C. § 1481(a).  In fact, she states that she is not required to do so.

Walby's other arguments in support of her claim of non-citizen status also fail.  To the extent Walby relies on the renewal of her passport as proof of her "non-citizen National" status, no such legal status exists.  Further, the excerpted March 11, 2014 letter from the State Department that Walby submitted in support of this argument clearly stated that "a U.S. passport will be issued [to Walby] stating that [she is] a U.S. citizen."  *See* Appellant Br. 5; Excerpted March 11, 2014 Letter (document bearing number 00173227-0672).[6]  Walby's "Revocation of Election" pursuant to 26 U.S.C. § 6013(g) fares no better.  This statute

---

[5]  This "Revocation of Election" was included in Walby's Informal Appendix, and, unlike the other documents at issue in this appeal, does not appear to have been included as an exhibit to Walby's complaint.  The government does not object to the submission of this document in Walby's appellate submissions.

[6]  Walby's Informal Appendix does not contain any Bates numbering or consecutive pagination, so we have identified this document through the document number stamped on the first page, as Walby did in her opening brief.

relates to joint returns filed by married individuals where a nonresident alien is married to a citizen or resident of the United States. It does not provide an avenue for Walby to renounce her citizenship or unilaterally declare herself a non-citizen.

As such, Walby has failed to demonstrate that she is not a United States citizen. She is therefore subject to federal income taxes and the Claims Court properly dismissed her complaint for failure to state a claim upon which relief can be granted.

## B. The Government's Motion

On December 20, 2019, the government filed a motion seeking sanctions against Walby in the amount of $8,000 for maintaining a frivolous appeal, pursuant to I.R.C. § 7482(c)(4), 28 U.S.C. § 1912, and Rule 38 of the Federal Rules of Appellate Procedure. According to the government, the Claims Court rejected Walby's citizenship argument as "patently frivolous," but Walby again presented these arguments on appeal. Appellee's Mot. for Sanctions at 3–5 (citing, *inter alia, Zuger v. United States*, 834 F.2d 1009, 1010 (Fed. Cir. 1987)). The government contends that this warrants an imposition of sanctions on Walby.

On January 27, 2020, Walby filed a response to the government's motion. In her response, Walby states that her case is not frivolous because, prior to filing this case, she searched the Court of Claim's website and did not find any cases discussing a "Revocation of Election." Appellant's Resp. at 6. According to Walby, her case is therefore "the first of its kind." *Id.*

Under Rule 38, sanctions may be imposed for frivolous appeals even if the litigant is proceeding pro se. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991). At the same time, we must exercise caution before "imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and

proper procedures." *Id.* We agree with the Claims Court that Walby's arguments in support of her non-citizen status are "patently frivolous." *Walby*, 144 Fed. Cl. at 9. We decline to impose sanctions on Walby in this instance, however, because her filing of this frivolous appeal may be attributable to her ignorance of the law.[7] Accordingly, we deny the government's motion for sanctions. The government may, however, seek sanctions against Walby should she continue to bring similar claims in future.

## CONCLUSION

For the foregoing reasons, we affirm the Claims Court's decision and deny the government's motion.

**AFFIRMED**

---

[7] To be clear, we do not suggest that Walby's subjective belief in the merits of her appeal is in any way relevant to whether her appeal is frivolous as filed.