# In the United States Court of Federal Claims

No. 20-359C
(Filed August 20, 2021)

```
* * * * * * * * * * * * * * * * * *
                                  *
BRENDA BRASWELL, et al.,          *
                                  *
              Plaintiffs,         *
                                  *
     v.                           *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

*Heidi R. Burakiewicz*, Kalijarvi, Chuzi, Newman & Fitch, P.C., of Washington, D.C., for plaintiff.

*Eric E. Laufgraben*, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was *Allison Kidd-Miller*, Assistant Director, both of Washington, D.C., for defendant.

## ORDER

WOLSKI, Senior Judge.

This case was brought as a class action by twenty-two employees of seven different federal departments and one independent agency, seeking extra pay due to workplace exposure to the virus that causes COVID-19. *See* Am. Compl., ECF No. 11, ¶¶ 1–3, 5–26. They allege entitlement to a hazardous duty pay differential under 5 U.S.C. § 5545(d), and to an environmental pay differential under 5 U.S.C. § 5343(c)(4) and 5 C.F.R. § 532.511. Am. Compl. ¶¶ 62–64, 88–119. A sub-group consisting of eighteen plaintiffs seeks to bring a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, for additional overtime pay allegedly owed due to the failure to account for the hazardous duty or environmental pay differentials. Am. Compl. ¶¶ 65–66, 77–87, 120–23.

The same day that the plaintiffs filed their opposition to the government's motion to dismiss this case, *see* ECF No. 21, an opinion was issued by a judge of our court dismissing a case brought by other current and former federal employees alleging the same violations of the same pay statutes. *See Adams v. United States*,

152 Fed. Cl. 350, 357 (2021). Because that case is now on appeal before the Federal Circuit, the government has moved for a stay of proceedings in this matter, until thirty days after the Federal Circuit's opinion in the other case becomes final. Def.'s Mot. to Stay (Def.'s Mot.), ECF No. 22, at 1. Defendant stresses the indisputable judicial economies that are achieved by not devoting resources to issues that are about to be resolved or clarified by a higher court. *See id*. at 5–9.

Plaintiffs for the most part agree, but oppose a stay to the extent it would interfere with the ability of similarly-situated federal employees to file the consent forms necessary to commence their individual actions under FLSA. *See* Pls.' Opp'n to Def.'s Mot. (Pls.' Opp'n), ECF No. 23, at 1. Thus, plaintiffs wish to move forward with a class certification motion, unless the statute of limitations can be tolled during the stay period. *Id.* at 3–5. The Court notes that the filing of a class certification motion would trigger class action tolling under *Bright v. United States*, 603 F.3d 1273, 1290 (Fed. Cir. 2010), only regarding the non-FLSA claims asserted. For claims under FLSA, Congress has provided that "an action is commenced for purposes of" the statute of limitations "in the case of a collective or class action" on the date each individual participant's written consent is filed with the court. 29 U.S.C. § 256.

In considering a motion to stay proceedings, a court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court must consider judicial efficiency and economy, determining whether a stay will resolve relevant issues and simplify the case. *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1196 (11th Cir. 2009). And the Court must consider both prejudice to the moving party if required to proceed without a stay, *Landis*, 299 U.S. at 255, and to the non-moving party if the case is stayed, *see Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1418 (Fed. Cir. 1997). Only rarely will this full consideration result in a decision to grant a stay, s*ee Landis*, 299 U.S. at 256 (noting that stays are extraordinary relief), especially in light of the burden resting on the proponent to establish the need for a stay, *see Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Without question, the cause of judicial economy is served by a stay of consideration of the motion to dismiss the case, given that the very issues presented will be resolved shortly by the Federal Circuit. A stay of discovery would also conserve the litigants' resources from being wasted were the Circuit to affirm the dismissal of *Adams*, or even if it were to reverse the dismissal but interpret the relevant laws in a manner that narrows their potential scope. And resources dedicated to resolving a class certification motion, including possible discovery, and identifying and notifying potential class members if the class is certified, would all be for naught were the dismissal to be affirmed.

Unlike the first two efficiencies detailed, in which both sides of the case benefit and thus can be called "Pareto superior,"[1] the third efficiency comes with a cost to plaintiffs. Due to the relatively short limitations periods for FLSA claims---two years generally, and three years if a violation is willful, 29 U.S.C. § 255(a)---and to the written consent requirement to commence a claim, 29 U.S.C. § 256, a stay that persists beyond January 27, 2022, could begin to exclude a portion of the potential damages of putative class members, as plaintiffs allege their workplace exposure to SARS-CoV-2 began on January 27, 2020, *see* Am. Compl. ¶¶ 2, 32, 40, 64, 101, 113. In partial mitigation, the government proposes that plaintiffs be allowed to file amended complaints with additional written consent forms to add to the case new plaintiffs who wish to join while matters are stayed. Def.'s Reply in Supp. Mot. to Stay (Def.'s Reply), ECF No. 24, at 6.[2] But while this will accommodate the claims of similarly-situated federal employees who are aware of the existence of this case, it does nothing for putative class members who might join were a class to be certified and notice received by them.

The government opposes allowing plaintiffs to proceed with a class certification motion while a stay is pending, arguing that much of the benefits of a stay are undermined if significant resources are committed to such a motion, Def.'s Reply at 7; that potential class members have no right to notice concerning a case before its viability is settled, *id.* at 7–9; and that the prejudice asserted by plaintiffs is negligibly contingent, "concern[ing] only the abilities of *potential* members of a *putative* class to assert a *derivative* FLSA claim," *id.* at 6.

While it might seem unusual to proceed on a class certification motion under these circumstances, plaintiffs have identified a source of potential prejudice. Even if the Federal Circuit were to issue an opinion within the median time of 10.2 months from the date of docketing, *see* Def.'s Mot. at 8 n.5, this would bring us to December 23, 2021. If another ninety days for the filing of a petition for writ of certiorari is added, *see* S. Ct. Rule 13, assuming no request for rehearing is filed, *see* Fed. R. App. P. 40, the stay at the earliest would be expiring April 22, 2022 (including the thirty days until the proposed status report is filed). Given the periods of alleged exposure and the ensuing pay periods, potential class members who file written consents after this date could be too late to the case to recover all overtime underpayments alleged, unless plaintiffs prevail on their allegation of willfulness. *See* Am. Compl. ¶ 84.

---

[1] *See* GEOFFREY BRENNAN & JAMES M. BUCHANAN, THE REASON OF RULES 151 (Liberty Fund, Inc. 2000) (1985).

[2] Written consent forms have already been filed for all plaintiffs except Aubrey Melder. *See* Am. Compl., App. A.

Although these potential class members are not yet participants in this case, at some point in the litigation their interests should factor into the stay equation. The claims for hazardous duty and environmental pay differentials are not brought under FLSA, and thus the filing of a class certification motion would, under *Bright*, 603 F.3d at 1290, toll the statute of limitations for those claims. If a class is certified, any putative member who subsequently opts-in would have a claim which relates back at least to that date, if not to the initial filing of the complaint. *See, e.g.*, *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1098 (3d Cir. 1975) (relating back to initial filing). In a sense, then, putative class members have a concrete interest in proceedings once the class certification motion is filed, and a stay that prevents such a filing would prejudice their interests in their FLSA claims.

For this reason, the Court will not extend the requested stay to preclude the filing of a motion for class certification. It is not apparent whether plaintiffs still intend to file such a motion, which more than five months ago they characterized as to be filed "shortly" and "promptly." Pls.' Opp'n at 1, 5. Perhaps they are counting on the strength of their willfulness allegations, and do not view January 27, 2022, as a noteworthy milestone. Or they might have decided that the conservation of potentially wasted resources outweighs the potential loss of a portion of putative class members' FLSA claims. But in any event, the Court will not prevent plaintiffs from filing a class certification motion if that is their wish.

This does not mean, however, that the motion, if filed, need be fully litigated. After it is filed, the government will be allowed to move for a stay of consideration, and plaintiffs may reassert their equitable tolling argument, which the Court finds premature at this point. While it is far from clear, from the limited briefing on the topic, that equitable tolling is warranted when a stay is imposed pending an appellate decision, it appears to the Court that the FLSA statute of limitations is not jurisdictional and thus may be tolled. This has been the judgment of several judges of our court, *see Moreno v. United States*, 82 Fed. Cl. 387, 401–02 (2008) (collecting and discussing cases), and "[t]he Supreme Court has 'made plain that most time bars are nonjurisdictional,'" *Walby v. United States*, 957 F.3d 1295, 1300 (Fed. Cir. 2020) (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015)). Indeed, the Supreme Court has noted that all Courts of Appeals considering the matter have found the FLSA provision to be nonjurisdictional and has cited its language in discussing why similar language did not make another statute of limitations jurisdictional. *Kwai Fun*, 575 U.S. at 413–14 & nn. 7–8. In any event, because 29 U.S.C. § 255 is not jurisdictional, the matter of the timeliness of written consent forms may be a topic of compromise among the parties. If the government wants to achieve the economies of a stay of all proceedings, and discounts greatly the value of any FLSA claims which might otherwise be excluded were a class to be certified and members to opt in at a much later date, it can assume that risk and waive any objection to lateness due to the stay.

For the reasons stated above, the government's motion to stay proceedings, ECF No. 22, is **GRANTED-IN-PART** and **DENIED-IN-PART**.  During the requested stay period, plaintiffs will be allowed to file amended complaints with additional consent forms, and a motion for class certification.  Within thirty days of the Federal Circuit's decision in *Adams v. United States*, No. 21-1662, becoming final and unappealable, the parties shall file a joint status report proposing further proceedings in this case.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge