NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS A. FORREST, JAMIE W. FORREST,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1923

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00110-DAT, Judge David A. Tapp.

---

Decided: July 8, 2022

---

THOMAS FORREST, Virginia Beach, VA, pro se.

JAMIE W. FORREST, Virginia Beach, VA, pro se.

ELISSA HART-MAHAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRUCE R. ELLISEN, RICHARD E. ZUCKERMAN.

---

Before REYNA, CHEN, and STARK, *Circuit Judges*.

PER CURIAM.

Pro se Appellants Thomas and Jamie Forrest appeal the United States Court of Federal Claims' dismissal of their lawsuit seeking refunds for taxes paid for the 1997 tax year. The Court of Federal Claims dismissed their case for lack of subject-matter jurisdiction because it determined that the Forrests failed to file a timely tax refund claim with the Internal Revenue Service for the 1997 tax year. We affirm.

## BACKGROUND

Thomas Forrest served in the U.S. Navy. In 1997, he separated from active duty and received a separation payment of $45,877, of which $12,845.57 was withheld for tax purposes.[1] App'x 1. Subsequently, Mr. Forrest joined the Navy Reserves for several years, after which he re-joined active duty with the Navy. App'x 2.

On April 30, 2015, Mr. Forrest retired from active duty and became eligible for retirement payments. *Id.* Because service members cannot receive both separation and retirement pay for the same period of service, the Defense Finance and Accounting Service determined that the *gross* pre-tax amount of Mr. Forrest's 1997 separation payment would be deducted from his retirement payments, even though he had dutifully paid income taxes on that amount in 1997. *Id.*; *see* 10 U.S.C. § 1174(h)(1). Thus, on May 20, 2016, the Forrests filed an amended 1997 tax return seeking to exclude the separation payment as taxable income and to obtain a refund of $12,838 based on taxes previously paid. App'x 2; S. App'x 67–68. On January 31, 2017, the IRS denied the claim, after which the Forrests initiated this tax refund action in the Court of Federal Claims,

---

[1]    Although not material to the outcome on appeal, the record shows that Forrest received a tax refund of $1,767.50 for the 1997 tax year. *See* App'x 2.

seeking to recover $12,838 in overpaid taxes for the 1997 tax year. *Id.*

The government moved to dismiss the Forrests' complaint under Court of Federal Claims Rule 12(b)(1) for lack of subject-matter jurisdiction, on the basis that a tax refund request was not timely filed with the IRS prior to the bringing of the action. App'x 1. The Court of Federal Claims granted the motion and dismissed the action for lack of subject-matter jurisdiction, pursuant to 26 U.S.C. §§ 6511(a) and 7422(a). App'x 8. The Forrests appeal the Court of Federal Claims' dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review the Court of Federal Claims' legal conclusions de novo and its factual findings for clear error. *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013) (citing *Est. of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012)). Whether the Court of Federal Claims properly dismissed an action for lack of jurisdiction is a question of law, which we review de novo. *Walby v. United States*, 957 F.3d 1295, 1298 (Fed. Cir. 2020).

## DISCUSSION

A taxpayer can bring a tax refund action against the government only after filing a timely refund claim with the IRS. 26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4–5 (2008) (citing *United States v. Dalm*, 494 U.S. 596, 609–10 (1990)). To be considered timely, a refund claim must ordinarily be filed with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is longer. 26 U.S.C. § 6511(a). The Supreme Court has held that these time limits are jurisdictional and not subject to any equitable tolling. *Dalm*, 494 U.S. at 609; *United States v. Brockamp*, 519 U.S. 347, 354 (1997).

Here, the record shows that the Forrests timely filed joint income tax returns for the 1997 tax year on April 11, 1998, and the taxes withheld from their income were deemed paid as of April 15, 1998. S. App'x 18, 23–25, 44. The record also shows that the Forrests first sought a tax refund for the 1997 tax year on May 20, 2016, when they filed an amended 1997 tax return with the IRS. S. App'x 42–43, 67–68. Because their request fell well outside the time limits set forth in 26 U.S.C. § 6511(a), the Court of Federal Claims correctly dismissed this action for lack of subject-matter jurisdiction, pursuant to 26 U.S.C. § 7422(a).

The arguments raised by the Forrests on appeal do not change this conclusion. The focus of their appeal is that 26 U.S.C. § 6511(a) and 10 U.S.C. § 1174(h)(1), in combination, result in an unfair result for veterans like Mr. Forrest who dutifully paid taxes on a separation payment only to learn years later that they must pay back the gross separation payment before receiving retirement pay. Like the Court of Federal Claims, we are sympathetic to the Forrests' situation; however, we adhere to Supreme Court precedent that the time limits of § 6511(a) are jurisdictional and not subject to tolling for equitable reasons.

We lastly note that, insofar as the Forrests purport to challenge § 1174(h)(1)'s requirement to recoup the gross amount of Mr. Forrest's separation pay, that requirement is not at issue in this appeal. Rather, the sole issue presented is whether there exists any exception to the limitations requirements of § 6511(a) for someone in the Forrests' situation, which there is not.

## CONCLUSION

We hold that the Forrests failed to establish the timely filing of a tax refund claim for the 1997 tax year, which is a prerequisite for bringing their tax refund action.

FORREST v. US                                                          5

26 U.S.C. §§ 6511(a), 7422(a).  The Court of Federal Claims properly dismissed this action.

**AFFIRMED**

COSTS

No costs.