# United States Court of Appeals for the Federal Circuit

---

**GEORGE P. BROWN, RUTH HUNT-BROWN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1721

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00848-LAS, Senior Judge Loren A. Smith.

---

Decided:  January 5, 2022

---

TIFFANY MICHELLE HUNT, Barnes & Hunt, PLLC, Dallas, TX, argued for plaintiffs-appellants.

ISAAC B. ROSENBERG, Appellate Section, Tax Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRUCE R. ELLISEN, DAVID A. HUBBERT.

KEITH FOGG, Tax Clinic of the Legal Services Center of Harvard Law School, Jamaica Plain, MA, for amicus curiae The Center for Taxpayer Rights.  Also represented by CARLTON M. SMITH, New York, NY.

_____

Before LOURIE, DYK, and STOLL, *Circuit Judges*.

LOURIE, *Circuit Judge*.

George P. Brown and Ruth Hunt-Brown appeal from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing their tax refund suit for lack of subject matter jurisdiction. *See Brown v. U.S.*, 151 Fed. Cl. 530 (2020) ("*Decision*"). While we disagree that the court lacked jurisdiction, we nonetheless affirm because the court was correct that the Browns failed to prove that their claim for refund was duly filed.

## BACKGROUND

The Browns are U.S. citizens and husband and wife. In the relevant tax years, they lived in Australia and Mr. Brown worked for the Raytheon Company.

In October 2018, the Internal Revenue Service ("IRS") received amended returns for the Browns for 2015 and 2017. These returns were prepared and signed by John Anthony Castro, their attorney, but they were not accompanied by any powers of attorney. The two returns claimed the Foreign Earned Income Exclusion.

In January 2019, the Browns submitted a second amended return for 2015. Like their first amended return for that year, this return was prepared and signed by Mr. Castro and claimed the Foreign Earned Income Exclusion. It also did not append any powers of attorney. The returns sought refunds of $7,636 for 2015 and $5,061 for 2017.

In April 2019, the Browns received a decision letter from the IRS disallowing the Browns' refund claims for 2015 and 2017. In this letter, the IRS explained that its records "show[ed] that, as an employee of Raytheon . . . living and working in Australia, [Mr. Brown] may have entered into a closing agreement . . . irrevocably waiving [the

Browns'] rights to claim the Foreign Earned Income [Exclusion] under [I.R.C.] section 911(a)." J.A. 350. In June 2019, the Browns filed this refund suit in the Court of Federal Claims. Under 26 U.S.C. § 6532 and § 7422(a), a suit may be brought in the Claims Court after an administrative claim has been filed and either the taxpayer waited six months before filing suit or the IRS took final action on the claim. Neither party seems to dispute that the Browns' claim was properly before the Claims Court if it was "duly filed."

The government filed an answer stating that the Browns' allegations were largely conclusory and then moved to dismiss the suit for lack of subject matter jurisdiction. The government argued that the Browns had not "duly filed" their administrative refund claims in accordance with 26 U.S.C. § 7422(a)'s mandate because they had not personally signed and verified their amended returns or properly authorized an agent to execute their returns.

The Browns responded that even if they had not "duly filed" their refund clams, the IRS had waived the taxpayer signature and verification requirements by processing their refund claims, despite the claims' defects. The Browns added that the signature and verification requirements are regulatory conditions, which the Supreme Court has deemed waivable, instead of unwaivable statutory conditions.

The Claims Court agreed with the government and dismissed the Browns' suit for lack of subject matter jurisdiction. *Decision* at 531–32. The court first found that the "duly filed" requirement in § 7422(a) is jurisdictional. *Id.* at 533–34. It then found that the Browns' claims did not meet the requirements for a claim to be "duly filed." *Id.*

The Claims Court also rejected the Browns' waiver argument. *Id.* at 534–36. The court held that waiver does not apply to statutory requirements and that several

statutes require individual taxpayers to sign and verify their own refund claims. *Id.*

Following the Claims Court's judgment, the Browns timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's legal determinations *de novo* and its factual findings for clear error. *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1252 (Fed. Cir. 2015).

The Browns argue that the Claims Court erred in finding § 7422(a) to be jurisdictional. They assert that § 7422(a) does not mention the term "jurisdiction" and that Congress has not made a clear statement that the signature and verification requirements are jurisdictional. The government responds that the Supreme Court interpreted § 7422(a) as jurisdictional in *United States v. Dalm*, 494 U.S. 596, 609–10 (1990). The government adds that even if the Browns are correct about § 7422(a) being non-jurisdictional, the Claims Court's error is harmless and that the dismissal may simply be found pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") for failure to state a claim rather than Rule 12(b)(1) for lack of subject matter jurisdiction.

We conclude that the Claims Court erred in holding that the Browns' claim for refund was jurisdictional, but that it was harmless error because the Browns failed to meet the "duly filed" requirement. We address jurisdiction first.

Section 7422(a) states that:

No suit or proceeding shall be maintained . . . until a claim for refund . . . has been duly filed with the Secretary, according to the provisions of law in that

regard, and the regulations of the Secretary established in pursuance thereof."

The Supreme Court has interpreted the filing requirement in § 7422(a) as a jurisdictional limitation in *Dalm*, 494 U.S. at 609–10. It reasoned that filing for a tax refund within the time limits of the statute of limitations was jurisdictional. *Id.* However, the adequacy of the filing, at issue here, is different from the fact of filing. The Browns did make a claim for refund within the statutory time period, and the Supreme Court in *Dalm* did not rule that meeting the requirement of being "duly filed" was jurisdictional.

To be sure, this court has held that a taxpayer's failure to comply with other § 7422(a) requirements (including those implemented by regulation) generally is jurisdictional. *See, e.g.*, *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018); *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). But that jurisdictional characterization cannot be reconciled with the Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, where the Court clarified that so-called "statutory standing" defects—i.e., whether a party can sue under a given statute—do not implicate a court's subject matter jurisdiction. 572 U.S. 118, 128 & n.4 (2014).

We conclude that the "duly filed" requirement in § 7422(a) is more akin to a claims-processing rule than a jurisdictional requirement. *See Gillespie v. United States*, 670 F. App'x 393, 395 (7th Cir. 2016) (discussing that certain prerequisites in § 7422(a) may be claims-processing rules rather than jurisdictional requirements). Thus, for the reasons below, we will affirm the Claims Court's dismissal of the Browns' suit, but do so pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted rather than RCFC 12(b)(1) for lack of subject matter jurisdiction.

Turning to the merits, we agree with the Claims Court's conclusion that the Browns did not "duly file" their refund claim in accordance with § 7422(a). To be "duly filed" a claim:

> [M]ust set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts *must be verified by a written declaration that it is made under the penalties of perjury.* A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added). The taxpayer signature requirement emphasized above may be excepted "when a legal representative certifies the claim and attaches evidence of a valid power of attorney." *Gregory v. United States*, 149 Fed. Cl. 719, 723 (2020). The Browns admit that they neither signed their refund claims nor tendered powers of attorney to permit their tax preparer to sign the claims on their behalf. Instead, the Browns argue that the signature and verification requirements are regulatory provisions instead of statutory provisions and are therefore subject to waiver by the Secretary. The Browns further contend that the Secretary waived these requirements in this instance.

In *Angelus Milling*, the Supreme Court held that the IRS cannot waive "explicit statutory requirements" but that it may choose to waive regulatory requirements. *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 296–97 (1945). The Court reasoned that Congressional mandates, unlike regulations, "must be observed and are beyond the dispensing power of Treasury officials." *Id.* at 296.

Title 26, Section 6061(a) of the U.S. Code provides that "any return . . . or other document required to be made under any provision of the internal revenue laws or

regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." Title 26, Section 6065 of the U.S. Code similarly commands that "[e]xcept as otherwise provided by the Secretary, any return . . . or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

An income tax refund claim triggers these statutory commands because it is simultaneously a "return" and a "document required to be made . . . under the internal revenue laws or regulations." Sections 6061(a) and 6065 thus impose a default rule that individual taxpayers must personally sign and verify their income tax refund claims. Otherwise, the documents are invalid or of no legal effect. *See Diamond v. United States*, 107 Fed. Cl. 702, 705 (2012) ("To constitute a valid claim for refund, . . . the taxpayer must execute the return by signing it under penalty of perjury."), *aff'd on other grounds*, 530 F. App'x 943 (Fed. Cir. 2013) (per curiam); *accord Selgas v. Commissioner*, 475 F.3d 697, 700–01 (5th Cir. 2007) ("[T]he fact that [the returns] were unsigned deprives them of legal effect.") (applying §§ 6061(a) and 6065).

To be sure, § 6061(a) gives the Secretary the authority to prescribe how individual taxpayers may satisfy the statute's requirement. Similarly, § 6065 gives the Secretary discretion to suspend the verification requirement in certain cases. However, these statutes' implementing regulations echo the statutory default rule. *See* Treas. Reg. §§ 1.6012-1(a)(5), 301.6402(e). They presumptively require individual taxpayers to execute their own refund claims and returns. *See id.* And, by regulation, the person who signs a return or other document must also verify it. *See* Treas. Reg. § 1.6065-1(a). Put differently, a taxpayer must satisfy the statutory default rule or else comply strictly with the implementing regulations. If they do neither, the document is effectively unsigned and unverified under

§§ 6061(a) and 6065 and the taxpayer has not "duly filed" the refund claim.

Because the taxpayer signature and verification requirements derive from statute, the IRS cannot waive those requirements. *See Angelus Milling*, 325 U.S. at 296. Therefore, the IRS had no authority to accept the Browns' improperly executed refund claims.

Whatever other requirements may exist to render a return "duly filed" we cannot say. We deal here only with the facts presented to us, relating to a return that is both unsigned by the taxpayers and not accompanied by a power of attorney.

In the alternative, even if the taxpayer signature and verification requirements were regulatory provisions, the Browns wrongly presume that *Angelus Milling*'s waiver applies to this case. *Angelus Milling* states that the waiver doctrine applies when (1) there is clear evidence that the Commissioner understood the claim that was made, even though there was a departure in form in the submission, (2) it is unmistakable that the Commissioner dispensed with the formal requirements and examined the claim, and (3) the Commissioner took action upon the claim. *Angelus Milling*, 325 U.S. at 297–98. Here, there is no evidence that the IRS knew that the Browns had not personally signed their refund claims or verified their accuracy under the penalty of perjury. Nothing in the Browns' refund claims hinted that someone else had executed them, and Castro's signature on the claims is in fact illegible, *see, e.g.*, J.A. 185. In addition, nothing in the April 2019 letter from the IRS to the Browns mentioned that the IRS was aware that the Browns had not personally signed or verified their refund claims. The record does not indicate that the Commissioner dispensed with the requirements even though it examined the claim. Because prongs (1) and (2) of the *Angelus Milling* waiver test are not satisfied, the Browns are

incorrect to presume that the signature and verification requirements were waived.

In sum, the Claims Court properly dismissed the Browns' suit because the Browns did not comply with the "duly filed" requirement in § 7422(a).

## CONCLUSION

We have considered the Browns' remaining arguments, but we find them unpersuasive. Accordingly, the decision of the Claims Court is affirmed.

**AFFIRMED**