NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLIFFORD L. NOLL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1174

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00294-TMD, Judge Thompson M. Dietz.

---

Decided:  July 24, 2024

---

CLIFFORD L. NOLL, Coeur d'Alene, ID, pro se.

SAMUEL PATRICK JONES, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by MICHAEL J. HAUNGS, DAVID A. HUBBERT.

---

Before PROST, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Clifford L. Noll appeals the United States Court of Federal Claims' dismissal of his complaint for lack of subject matter jurisdiction. Because Mr. Noll has not alleged any claim that falls within the limited jurisdiction of the trial court, we affirm.

I

On February 27, 2023, Mr. Noll, proceeding pro se, filed a complaint in the Court of Federal Claims. S.A.[1] 9–14. In his complaint, he alleged a number of claims against the government for actions taken by the Internal Revenue Service (IRS) to satisfy Mr. Noll's tax liability. Mr. Noll alleges that in 1988, the IRS unlawfully filed a federal tax lien against his property in the amount of $125,916.80 and that the IRS later sold that property to recover the amount owed. He also alleges that the IRS improperly seized $3,000 from his bank account in 2000. As explained by the trial court, "Mr. Noll asserts that these actions by the IRS amount to, among other claims, trespass and violation of his constitutional rights because he denies the legitimacy of the underlying tax liability and, by extension, the attempts to satisfy the tax liability." *Noll v. United States*, No. 1:23-cv-00294-TMD (Fed. Cl. July 24, 2023), ECF No. 10 at 2; S.A. 3. Mr. Noll's complaint sought $35,664,300 in damages "to be paid in United States of America minted gold coins." S.A. 10.

On April 17, 2023, the government filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), asserting that, even if Mr. Noll's complaint is liberally construed, none of the

---

[1]    Citations to "S.A." refer to the Supplemental Appendix submitted with the government's response brief. *See* ECF No. 10.

alleged claims could properly confer jurisdiction. In considering the motion to dismiss, the trial court first noted that, although claims by pro se plaintiffs "are held to less stringent standards than formal pleadings drafted by lawyers," S.A. 3 (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted)), Mr. Noll was "not excused or exempt from meeting the Court's jurisdictional requirements," S.A. 3 (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

The trial court found that "Mr. Noll's complaint, when construed liberally, alleges claims for due process violations, a Fifth Amendment taking, tort, illegal collections activities, and a claim for refund," but even generously construed, "his complaint fails to properly invoke this Court's jurisdiction, and, therefore, his complaint must be dismissed for lack of subject matter jurisdiction." S.A. 4. The court first noted that it did not have jurisdiction to consider Mr. Noll's Fourth Amendment claim or Fifth Amendment due process claim, because neither were money-mandating claims as required by the Tucker Act. Next, the court rejected any attempt by Mr. Noll to establish jurisdiction by citing an Idaho state statute, because the Court of Federal Claims "does not have jurisdiction over claims arising out of state statutes or regulations." S.A. 4 (citing *Murray v. United States*, 817 F.2d 1580, 1583–84 (Fed. Cir. 1987)). With respect to Mr. Noll's Fifth Amendment takings claim, the trial court found that dismissal was appropriate because Mr. Noll did not "concede the validity of the government action which is the basis of the claim," which is required to maintain such a claim under the Tucker Act. S.A. 5 (citing *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993)). For Mr. Noll's allegations of trespass and fraud, the trial court explained that such claims "sound in tort, or allege criminal conduct," S.A. 5 (quoting *Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015)), and accordingly, cannot be heard in the Court of Federal Claims, S.A. 5 (citing 28 U.S.C. § 1491(a)(1)). Next, the

court noted that although "Mr. Noll's complaint can reasonably be construed to allege a wrongful levy against his property and unauthorized collection actions by IRS agents to satisfy his tax liability," such claims are limited to the exclusive jurisdiction of "a district court of the United States." S.A. 5 (citing 26 U.S.C. §§ 7426(a)(1), 7433(a)). Finally, the trial court found that Mr. Noll had not met the jurisdictional prerequisites for it to consider a tax refund claim—namely, Mr. Noll had not provided any evidence or allegations that he either made a payment of taxes, or that he filed a tax refund claim with the IRS. Accordingly, the trial court granted the government's motion and dismissed the case without prejudice.

Mr. Noll timely appealed the dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

The Court of Federal Claims is a court of limited jurisdiction. The Tucker Act, 28 U.S.C. § 1491(a)(1), gives it jurisdiction over "claims for money damages against the United States" founded upon "'any Act of Congress'" in cases not sounding in tort. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (quoting 28 U.S.C. § 1491(a)(1)). To come within the court's Tucker Act jurisdiction, however, "a plaintiff must identify a separate source of substantive law that creates the right to money damages"—in other words, a source that is "money-mandating." *Id.*

We see no error in the trial court's conclusion that it lacked jurisdiction over any claim in Mr. Noll's complaint. As an initial matter, we agree with the trial court's liberal interpretation of the claims raised in the complaint, and Mr. Noll does not contest the court's characterization on

appeal. With respect to Mr. Noll's allegations of either a Fourth Amendment violation or Fifth Amendment due process violation, this court has held that such clauses are not money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *In re United States*, 463 F.3d 1328, 1335 n.5 (Fed. Cir. 2006) ("We agree that because the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation." (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983))). Further, to the extent that Mr. Noll attempts to save these claims by citing Idaho state law, *see, e.g.*, Appellant's Br. 9; Reply Br. 7, he cannot prevail. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").

We also agree with the trial court that Mr. Noll's complaint fails to the extent that it can be read as seeking monetary relief under the Internal Revenue Code for unlawful tax collection actions. As explained by the trial court, the provisions within the Internal Revenue Code that provide avenues for taxpayers to bring these types of claims, for example, 26 U.S.C. §§ 7426 and 7433, grant exclusive jurisdiction over such claims to "a district court of the United States." 26 U.S.C. §§ 7426(a)(1), 7433(a). "The Court of Federal Claims is not a district court of the United States," and therefore, is not the proper venue for these claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

The trial court was also correct to hold that it did not have jurisdiction over Mr. Noll's allegations of trespass and fraud. The Tucker Act and our case law interpreting the Act are clear that the Court of Federal Claims does not have jurisdiction over tort claims, including trespass and fraud. *See* 28 U.S.C. § 1491(a); *Souders*, 497 F.3d at 1307 ("It is immediately clear that the tort claims are clearly outside the limited jurisdiction of the Court of Federal Claims and thus cannot be transferred there."). To the extent that Mr. Noll raises allegations based on criminal statutes—such as a claim for "extortion," *see* S.A. 13—these claims also fall outside the jurisdiction of the Court of Federal Claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Mr. Noll has also not satisfied the jurisdictional requirements to bring a claim for a tax refund. In order for the trial court to have jurisdiction over a tax refund claim, "the taxpayer must make full payment of the tax liability, bring a timely claim for refund with the IRS, and file a timely complaint after the refund claim is denied or deemed denied." *Walby v. United States*, 957 F.3d 1295, 1298 (Fed. Cir. 2020) (citing I.R.C. §§ 7422(a), 6532(a); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993)); *see also Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *United States v. Dalm*, 494 U.S. 596, 608–10 (1990)). As the trial court pointed out, Mr. Noll has done none of this, and in fact, continues to assert that he is not subject to federal income tax. *See* S.A 5–6; Appellant's Br. 2–5.

Finally, we agree with the trial court that dismissal of Mr. Noll's takings claim was appropriate. Although the Just Compensation Clause of the Fifth Amendment is a money-mandating source under the Tucker Act, *see Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), to maintain a takings claim, a claimant must also make a "nonfrivolous allegation" that he is within the class of plaintiffs entitled to recover under that clause, *id.*,

and he "must concede the validity of the Government action which is the basis of the . . . claim," *Tabb Lakes*, 10 F.3d at 802–03. Again, there is nothing in the record to support a finding that Mr. Noll has conceded the validity of the government's sale of his property.[2]

### III

We have considered Mr. Noll's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm.

### AFFIRMED

### Costs

No costs.

---

[2]   The trial court characterized the dismissal of Mr. Noll's takings claim as a dismissal for lack of subject matter jurisdiction. S.A. 4–5. We note that this court has, at times, considered similar dismissals to be jurisdictional, *see Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (citing *Tabb Lakes,* 10 F.3d at 802), and at other times, to be dismissals for failure to state a claim, *see Tindall v. United States*, No. 2024-1143, 2024 WL 960452, at *3 (Fed. Cir. Mar. 6, 2024) (nonprecedential) (also citing *Tabb Lakes*, 10 F.3d at 802–03). Regardless how the issue is framed, we find that dismissal was appropriate. *See Brown v. United States*, 22 F.4th 1008, 1011 (Fed. Cir. 2022) (holding that, in the context of a tax refund statute, the Court of Federal Claims' dismissal for lack of jurisdiction was harmless error because the claim could properly be dismissed for failure to state a claim).